## THE PEOPLE *v.* DUMAS.

## APPEAL from the District Court of San Juan.

No. 123.—Decided April 29, 1908.

CRIMINAL LAW—ATTEMPT TO KILL—INSTRUCTIONS TO THE JURY—VERDICT OF GUILTY OF THE CRIME OF ASSAULT WITH INTENT TO COMMIT MANSLAUGHTER.— Where an information is filed charging the crime of attempt to kill, and the accused is found guilty and convicted of the crime of assault with intent to commit manslaughter, it is of no importance whether the judge erred in charging the jury that, under the information, the defendant might also be found guilty of the crime of attempt to kill with intent to commit murder, or assault and battery with aggravated circumstances, because even upon the supposition that the instructions as hereinbefore quoted were erroneous, the effect thereof was not to cause injury to the accused who was found guilty of the crime of assault with intent to commit manslaughter.

ID.—MANSLAUGHTER—ASSAULT WITH INTENT TO COMMIT A FELONY.—The crime of manslaughter being punished by imprisonment in the penitentiary for the maximum term of 10 years, and therefore a felony, it does not require any great intellectual effort to conclude that an assault with intent to commit manslaughter falls within the provisions of section· 223 of the Penal Code which punishes the crime of assault with intent to commit felony.

ID.—CHARACTERISTICS OF THE CRIME OF MURDER—CHARACTERISTICS OF THE CRIME OF MANSLAUGHTER.—The difference between these two crimes is that death in the crime of murder is caused with malice aforethought or with malice and premeditation, and in the crime of manslaughter without malice.

ID.—MALICE—INTENT—CRIMES OF MURDER AND MANSLAUGHTER.—The difference between these two crimes is not that in the crime of murder there is a premeditated intent and in manslaughter an absence of such intent. The meaning of the words "malice" and "intent" are entirely different. A crime may be committed without malice but never without intent. Absence of the intent means absence of one of the necessary and essential elements of every crime, because where there is no intent there can be no crime.

ID.—MALICE—MALICIOUSLY—INTENT—INTENTIONALLY.—According to paragraph 4 of section 559 of our Penal Code, the words "malice" and "maliciously" import the doing of a wrongful act, intentionally, without just cause or excuse; a conscious violation of a law to the prejudice of another. From this definition it is seen that the words "malice" and "maliciously" are not synonyms of "intent" and "intention," but that they include the idea of acting consciously without just cause or excuse. So in the crime of manslaughter the agent acts intentionally but without malice.

ID.—PUNISHMENT FOR ASSAULT WITH INTENT TO COMMIT MANSLAUGHTER.—Section 50 of our Penal Code punishes every person who attempts to commit any crime but fails or is prevented or intercepted in the perpetration thereof, and it does not exclude the attempt to commit the crime of manslaughter, nor can we affirm that section 223 excludes the possibility of assault with intent to commit manslaughter.

ID.—ASSAULT WITH INTENT TO COMMIT MANSLAUGHTER.—The crime of assault
   with intent to commit manslaughter is included within the crime of assault
   with intent to commit murder, and the instructions given to the jury in this
   respect are in accordance with the law.
EVIDENCE—WEIGHING SAME—CONTRADICTIONS.—It is the duty of the jury to
   reconcile the contradictions in the evidence, weighing the same in accordance
   with the dictates of an honest conscience, and determine the veracity of the
   witnesses; and this court will not disturb the conclusions of the jury where,
   in the absence of an absolute showing that the jury erred, or that there is
   absolutely no basis for the verdict to rest upon.

The facts are stated in the opinion.

*Mr. Manuel F. Rossy* for appellant.

*Mr. Rossy, fiscal,* for respondent.

MR. JUSTICE HERNÁNDEZ delivered the opinion of the court.

On August 1, 1906, the *fiscal* of the District Court of San
Juan filed an information against Estanislao and Balbino Du-
mas in the Distict Court of San Juan charging them with the
crime of assault with intent to kill, a felony, committed as
follows:

"The said Estanislao and Balbino Dumas, on or about the night
of May 20, 1906, in the jurisdiction of Río Piedras which forms part
of the district of San Juan, unlawfully and maliciously assaulted
José Correa, with intent to kill him, by firing several revolver shots
at him, wounding him in the left shoulder blade."

Because of the death of Balbino the trial of Etanislao only
was had by jury on February 9 of last year, and on the same
date the jury returned a verdict as follows:

"We, the jury, find the defendant, Estanislao Dumas, guilty of
the crime of assault with intent to commit manslaughter."

The court set the 13th of said month of February for pro-
nouncing sentence, and on that date, before it was pronounced,
counsel for Estanislao Dumas, the defendant, filed a motion
for a new trial on the following grounds: 1. That the judge
had erroneously charged the jury that Estanislao Dumas
could, under the information, be found guilty of assault with
intent to commit murder, section 218 of the Penal Code, or of

assault with intent to commit manslaughter, section 223 of said Code, or of assault and battery with aggravated circumstances, sections 1, 2 and 3 of the Act of March 10, 1904, amending sections 232 *et seq.* of the said Code; 2. That the verdict of the jury was not supported by the evidence; 3. That the *fiscal* has not established the date and place of the commission of the act.

The court denied the motion for a new trial, and after the admission of the witnesses for the defense relating to the attendance of mitigating circumstances in favor of the defendant, it rendered judgment on the said 13th of February, sentencing Estanislao Dumas to confinement in the penitentiary for three years at hard labor.

Counsel for Estanislao Dumas took an appeal to this Supreme Court from the order denying a new trial and the judgment rendered, and the proper statement of facts, approved and signed by the judge, has been received, the record containing the evidence heard and the charge to the jury, in the same sense as alleged by the defense.

As Estanislao Dumas was found guilty and sentenced only for the crime of assault with intent to commit manslaughter, it is unneccesary to determine whether the judge erred in charging the jury as he did that under the information he could also be found guilty of assault with intent to commit murder, or of assault and battery with aggravated circumstances, because even assuming that the charges to that effect were erroneous, they did not produce the effect of causing any injury to the defendant, who was found guilty by the jury only of the crime of assault with intent to commit manslaughter and sentenced for said crime.

The fundamental allegation of the defense that an error was committed by the judge in charging the jury that Dumas, under the information, could be found guilty of the crime of assault with intent to commit manslaughter, rests upon the fact that said crime is not included in the crime of assault with intent to commit murder, as said crime had no legal existence

in our Penal Code, according to which manslaughter is the unlawful killing of a human being without malice, and therefore as soon as the person is assaulted with the intention of killing him it is no longer an assault to commit manslaughter but an assault to commit murder, the characteristic of which is, as alleged by counsel for the appellant, the intent to kill with malice, while the characteristic of manslaughter consists in the absence of that intent and that malice.

In order to consider this allegation let us examine the provisions of the Penal Code applicable to the case, which are comprised in sections 218, 222 and 223, which we transcribe herewith:

"Section 218.—Every person who assaults another with intent to commit murder is punishable by imprisonment in the penitentiary not less than one nor more than 15 years.

"Section 222.—Every person who assaults another with intent to commit rape, the infamous crime against nature, mayhem, robbery, or grand larceny, is punishable by imprisonment in the penitentiary not less than one nor more than 14 years.

"Section 223.—Every person who is guilty of an assault, with intent to commit any felony, except an assault with intent to commit murder, the punishment for which assault is not prescribed by the preceding section, is punishable by imprisonment in the penitentiary not exceeding one year, or by a fine not exceeding $500, or by both."

We find, therefore, that section 218 punishes assault with intent to commit murder, section 222, assault with intent to commit rape, the infamous crime against nature, mayhem, robbery, or grand larceny, and section 223, assault to commit any felony, except murder, rape, the infamous crime against nature, mayhem, robbery or grand larceny.

Now then, the crime of manslaughter is defined and provided for by section 203 of the Penal Code, and punished by section 204, by imprisonment in the penitentiary not exceeding 10 years, being consequently a felony, in accordance with the provisions of section 14 of the said Code; and consequently it may be deduced without a great effort of intelligence that

assault with intent to commit manslaughter, which is a felony, is comprised under the provisions of section 223 of the Penal Code.

In support of this doctrine we may cite the eminent writer on Penal Law, Bishop, who says in his work entitled New Criminal Law, 1, p. 444:

"If one assaults another meaning to take his life, the intent is in law to commit murder, or to commit manslaughter, according as the killing would be the one or the other if effected."

We also find the same doctrine in the Cyclopedia of Law and Procedure, with the citation of a number of opinions, as follows:

"At common law there is no such offense as assault with intent merely to kill or commit manslaughter. But by statute in many jurisdictions it is made a distinct offense to commit an assault with intent to kill, or with intent to commit manslaughter or murder in the second degree. Under a statute punishing an assault with intent to commit any felony, there may be an indictment for assault with intent to commit manslaughter."

Both counsel for the appellant and the *fiscal* agree that the Supreme Court of California, the Penal Code of which state contains provisions similar to ours on the matter under consideration, has never delivered an opinion to the effect that the crime of assault with intent to commit manslaughter does not exist.

We can in no respect admit that a malicious intent to kill is the characteristic of the crime of murder, and that the lack of this malicious intent is the characteristic of the crime of manslaughter. Let us examine sections 199 and 203 of the Penal Code, which we transcribe herewith:

"Section 199.—Murder is the unlawful killing of a human being, with malice aforethought.

"Section 203.—Manslaughter is the unlawful killing a human being, without malice."

The difference between the two crimes consists in that the killing in the crime of murder is effected with malice aforethought—that is to say, with malice and premeditation—and in the crime of manslaughter, without malice. The difference does not consist in premeditated intent in murder, and the lack of such intent in manslaughter. The terms malice and intent are entirely different. A crime may be committed without malice, but never without intent. If there was no intent, one of the integral and essential elements of every crime would be absent, because where there is no intent there can be no offense.

This doctrine is rudimentary in penal law, and our Code sanctions it by sections 11 and 12, which provide:

"Section 11.—In every crime or public offense there must exist a union or joint operation of act and intent or criminal negligence.

"Section 12.—The intent or intention is manifested by the circumstances connected with the offense and the sound mind and discretion of the accused. All persons are of sound mind who are neither idiots, nor lunatics, nor affected with insanity.

"A malicious and guilty intention is presumed from the manner and deliberation with which an unlawful act is intended or committed for the purpose of injuring another."

Our Code does not define what is understood by intent, no doubt, because in defining it it would have obscured the clear meaning of said word, both in the English and the Spanish language. But it does define the meaning of malice and maliciously, in subdivision four of section 559:

"The words malice and maliciously import the doing of a wrongful act, without just cause or excuse, a conscious violation of the law to the prejudice of another."

From this definition it cannot be deduced that the words malice and maliciously are synonymous with intent and intentionally, but entail the idea of a wilful act without just cause or excuse. Thus in the crime of manslaughter the agent acts with intent but without malice.

The said Supreme Court of California establishes the doctrine we have expounded in the case of *The People* v. *Bartlett Freel,* 48 Cal., 437:

"Whether the homicide amounts to murder or manslaughter merely, does not depend upon the presence or absence of the intent to kill. In either case there may be a present intention to kill at the moment of the commission of the act. But when the mortal blow is struck in the heat of passion, excited by a quarrel, sudden, and of sufficient violence to amount to adequate provocation, the law, out of forbearance for the weakness of human nature, will disregard the actual intent and will reduce the offense to manslaughter. In such case, although the intent to kill exists, it is not that deliberate and malicious intent which is an essential element in the crime of murder."

But we find still more. Section 50 of the Penal Code, the last paragraph of which was repealed by the Act of March 10, 1904, provides for the punishment in the manner prescribed of every person who attempts to commit any crime but fails, or is prevented or intercepted in the perpetration thereof, where no provision is made by law for the punishment of such attempt.

The provisions of said section are general, they do not exclude an attempt or intent to commit the crime of manslaughter—that is to say, frustrated manslaughter—and even punishes it if the law makes no provision for such punishment.

If the Penal Code, in view of the general character of the terms of section 50, does not exclude the possibility of the existence of an attempt to commit manslaughter or frustrated manslaughter, we cannot affirm either that section 223 excludes the possibility of an assault with intent to commit manslaughter.

Therefore, our written law does not fail to make provision for the punishment of assault with intent to commit manslaughter, as it punishes assault with intent to commit murder, and this could not be otherwise, as both crimes frequently occur in the actual life of humanity.

Said crime of assault with intent to commit manslaughter is comprised in the crime of assault with intent to commit murder, and therefore the judge in his charge to the jury, and the latter in its verdict, conformed to the provisions of section 286 of the Code of Criminal Procedure, which reads as follows:

"The jury may find the defendant guilty of any offense, the commission of which is necessarily included in that with which he is charged, or of an attempt to commit the offense."

Wharton in his Criminal Law, says in section 641:

"An assault with intent to commit manslaughter in hot blood is included in an assault with intent to commit murder."

And in support thereof he cites a number of decisions of the courts of the United States sustaining this statement.

And note that we have not passed unnoticed the fact that although the *fiscal* filed the information the origin of the proceedings for assault with intent to kill and related as the acts constituting this crime those which we transcribed in copying said information, such acts do not constitute an assault with intent to commit murder, because the *fiscal* affirms only that the assault upon José Correa was unlawful and malicious and was made with the intent to kill him, but he does not say that there was premeditation, which is a necessary requisite to an intent to commit murder. These acts express something more than what is necessary to constitute the crime of assault with intent to commit manslaughter, because the qualification of the assault by the fiscal as malicious is opposed to the nature of the crime of manslaughter, as defined in section 203 of the Penal Code.

But as no objection was made to the information in due time by counsel for Estanislao Dumas, and we find therein the elements necessary to constitute the crime of assault with intent to commit manslaughter, if the malice with which the

assault is alleged to have been committed is not considered, we may well affirm that the appellant, Dumas, could under such an information be found guilty and punished for the crime of assault with intent to commit manslaughter because said crime is included therein.

The information was undoubtedly defective for a conviction for the crime of assault with intent to commit murder, but as it has not materially prejudiced the rights of the defendant, who has only been found guilty of, and sentenced for, the crime of assault with intent to commit manslaughter, there is nothing which would warrant the verdict and judgment being set aside.

Nor can it be affirmed that the verdict of the jury was contrary to the evidence, because it is supported by the testimony of the aggrieved party—that is to say, José Correa and his wife, Josefa Dumas, the latter the sister and the former the brother-in-law of the defendant—and if there is any conflict between the testimony of the witnesses for the prosecution and those for the defense, it devolved upon the jury to reconcile it, determining the veracity of the witnesses according to the honest dictates of their consciences, we being able to decide against such findings unless the error of the jury or the absolute lack of ground for the verdict be shown to us in an evident manner.

We so held in the case of *The People of Porto Rico* v. *Demetrio Díaz, alias Leña Verde,* decided March 6, 1907:

"As a general rule it may be said that this court will not review the decision of the jury on a question of fact, unless it be evidently erroneous or the result of partiality, passion or prejudice."

Such circumstances are not present in this case, in which there was evidence against the defendant, and we cannot say that it was not sufficient on which to base a verdict of guilty.

With regard to the allegation that it has not been proved that the act charged against the defendant had been committed

on May 20, 1906, and in the town of Río Piedras which forms part of the judicial district of San Juan, details necessary to establish the jurisdiction of the court and that the crime had not been barred by limitation, it appears from the statement of facts that some of the witnesses testified that the crime had been committed in a *barrio* of Río Piedras, and all of them refer to the date of May 20, although only two of them give the year 1906; and although no evidence whatsoever was introduced to show that Río Piedras belongs to the judicial district of San Juan, such evidence was not necessary because the Act of March 10, 1904, which reorganized the judiciary of this Island, states that Río Piedras forms part of the said district and the district court could establish this fact by a mere examination of said act, according to section 36 of the act regulating the introduction of evidence.

For the reasons stated we are of the opinion that the order denying a new trial and the judgment of the District Court of San Juan should be affirmed, with the costs of both appeals also against the appellant.

*Affirmed.*

Chief Justice Quiñones and Justices Figueras, MacLeary and Wolf concurred.